# EXHIBIT D.3

FILED
2/13/2023 4:43 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Martin Reyes DEPUTY

## CAUSE NO. DC-23-01964

| | | |
|---|---|---|
| ANTHONY YANNONE, Individually, and as Administrator of the Estate of Tyler Yannone, and as Executor of the Estates of Neisha Zahn and Daniel Yannone, <br>   Plaintiffs, <br><br> VS. <br><br> AVIALL, INC., DALLAS AIRMOTIVE, INC., STANDARDAERO BUSINESS AVIATION SERVICES, LLC, ROLLS-ROYCE CORP., BOEING DISTRIBUTION, INC., JOHN DOE CORPORATIONS 1 THROUGH 5, <br>   Defendants. | § § § § § § § § § § § § § § § § § | IN THE 192ND JUDICIAL <br><br> DISTRICT COURT OF <br><br> DALLAS COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Anthony Yannone, Individually, and as Administrator of the Estate of Tyler Yannone, and as Executor of the Estates of Neisha Zahn and Daniel Yannone, Plaintiffs, and makes and files this First Amended Petition and complains of Aviall, Inc., Dallas Airmotive, Inc., StandardAero Business Aviation Services, LLC, Rolls-Royce Corp., Boeing Distribution, Inc., and John Doe Corporations 1 through 5, Defendants, and for cause of action shows:

### DISCOVERY CONTROL PLAN

1. Pursuant to TEX. R. CIV. P. 190.4, Plaintiff intends to conduct discovery under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff Anthony Yannone is a private individual who resides in Ohio and may be served with process through the undersigned counsel.

3. Plaintiff Anthony Yannone as Administrator of the Estate of Tyler Yannone represents The

---

Estate of Tyler Yannone, decedent, who was an adult individual and resident of the US Virgin Islands at the time of his death.

4. Plaintiff Anthony Yannone as Executor of the Estate of Neisha Zahn represents The Estate of Neisha Zahn, decedent, who was an adult individual and resident of the US Virgin Islands at the time of her death.

5. Plaintiff Anthony Yannone as Executor of the Estate of Daniel Yannon represents The Estate of Daniel Yannone, decedent, who was an adult individual and resident of the US Virgin Islands at the time of his death.

6. Defendant Aviall, Inc. ("Defendant Aviall") is a foreign corporation incorporated in the state of Delaware, authorized to do business in the state of Texas, with its principle place of business located at 2750 Regent Blvd., Dallas, Texas 75261. Aviall may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Ste. 620, Austin, Texas 78701.

7. Defendant Dallas Airmotive, Inc. ("Defendant Airmotive") is a domestic corporation incorporated in the state of Texas, authorized to do business in the state of Texas, with its principle place of business located at 11490 Mosteller Rd., Cincinnati, OH 45241. Airmotive may be served through its registered agent, C T Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

8. Defendant StandardAero Business Aviation Services, LLC. ("Defendant StandardAero") is a foreign limited liability company incorporated in the state of Delaware, authorized to do business in the state of Texas, with its principle place of business located at 5710 N. Scottsdale Rd., Ste. 250, Scottsdale, Arizona 85253. StandardAero may be served through its registered agent, C T Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

9. Defendant Rolls-Royce, Corp. ("Defendant Rolls Royce") is a foreign corporation incorporated in the state of Delaware, with its principle place of business located at 1900 Reston Metro Plaza, Suite 400, Reston, VA 20190.  Rolls Royce may be served through its registered agent, Corporation Service Company, located at 251 Little Falls Dr., Wilmington, Delaware 19808.

10. Defendant Boeing Distribution, Inc. ("Defendant Boeing") is a foreign corporation incorporated in the state of Delaware, with its principle place of business located at 100 N. Riverside Plz., Chicago, IL 60606.  Boeing may be served through its registered agent, Corporation Service Company, located at 211 E. 7th St., St. 620, Austin, Texas 78701. *Issuance of citation is requested at this time.*

11. Defendants John Doe Corporations 1-5 are unknown at this time, but believed to be distributors, manufacturers, installers, resellers, and/or maintainers of the faulty engine and/or components.

## JURISDICTION AND VENUE

12. This court has jurisdiction and venue is proper in Dallas County, Texas in that one of the defendants is a resident of Texas and multiple defendants have principal places of business located in Dallas County, Texas and the damages are within the jurisdictional limits of the Court.

## FACTS

13. On February 15, 2021, the Decedents chartered a sightseeing flight in a Bell 206B-III helicopter (tail number N13AT) to scout out potential real estate from Caribbean Buzz LLC.

14. The flight took off about 3:14 Atlantic Standard time and was planned to be a 17-minute flight around the island.

15. The flight flew out over the ocean, then made a 180-degree turn back toward the St. Thomas Island while losing elevation.

16. The engine of the Bell 206B-III suffered a catastrophic engine failure and crashed into wooded terrain on St. Thomas Island.

17. The Bell 206B-III and its occupants were consumed by fire. The pilot, Maria Isabel Rodriguez-Van Heurck, and the three Decedents died in the crash.

18. Based on information and belief, Defendant Rolls-Royce manufactured the Rolls-Royce Allison 250-C30P engine which failed during the flight of the Bell 206B-III and Defendant Aviall supplied the stage 2-3 compressor wheel bearing part number 23057112.

19. Based on information and belief, Defendant Rolls-Royce manufactured the Rolls-Royce Allison 250-C30P engine which failed during the flight of the Bell 206B-III and Defendant Boeing supplied the stage 2-3 compressor wheel bearing part number 23057112.

20. Based on information and belief, Defendants Airmotive and/or StandardAero installed the stage 2-3 compressor wheel bearing part number 23057112.

21. Defendants John Doe 1-5 are unknown at this time, but believed to be designers, distributors, manufacturers, installers, resellers, and/or maintainers of the faulty engine and/or components.

## COUNT I: NEGLIGENCE OF ALL DEFENDANTS

22. Defendants had a duty to use reasonable care in the construction of the engine as well as its components that were incorporated into the Bell 206B-III helicopter as part of the power plant for all foreseeable uses.

23. Defendants breached the aforementioned duties to use reasonable care and were negligent, careless, and reckless for reasons including, but not limited to, the following acts and/or omissions:

a.  By failing to properly supervise the assembly and maintenance of the aircraft engine in question as well as its component parts;

b.  By failing to ensure that safe and proper materials were incorporated into the aircraft engine and its component parts;

c.  By failing to specify, require, and provide components that are safe and proper for the assembly of the engine in question;

d.  By failing to ensure that safe and proper materials were incorporated into the aircraft engine's assembly;

e.  By failing to inspect and/or test the materials use in assembly of the aircraft engine;

f.  By failing to ensure the safe and proper design of the aircraft engine in question;

g.  By failing to properly complete repairs on the aircraft engine;

h.  By failing to properly inspect the aircraft engine; and,

i.  By other negligence, reckless, and careless acts and/or omissions as yet discovered and defined.

24. The injuries suffered by the Decedents and their ultimate deaths were the direct and proximate result of the negligent acts or omissions of Defendants as set forth above.

## COUNT II - STRICT LIABILITY OF ALL DEFENDANTS

25. Upon information and belief, the aircraft engine and some of its components that caused Decedents' injuries and death was designed, manufactured, and installed by Defendants.

26. Upon information and belief, the engine of the Bell 206B-III built and designed by Defendants was manufactured in a defective condition such that it was unreasonably dangerous to the user. More specifically, the aircraft engine had an unreasonably dangerous defect for the following reasons:

    a.   An ordinary person purchasing the aircraft engine would not have expected it to present the danger of a sudden loss of flying capability mid-flight;

    b.   The danger presented by the design of the aircraft engine outweighs its utility;

    c.   A reasonably person aware of the danger this aircraft engine posed to both people and property would not have placed it into the stream of commerce.

27. The engine was in a defective condition when it was designed, manufactured, marketed, sold, and installed for ultimate use by the Decedents. The same condition of the aircraft engine existed and remain unchanged until February 15, 2021.

28. The result of the acts and omissions above, the engine was a factual and proximate cause of the injury and eventual deaths of the Decedents.

29. Defendants are strictly liable for all injuries and damages caused by the aircraft's defective condition.

## COUNT III- BREACH OF WARRANTY OF ALL DEFENDANTS

30. The engine manufactured by Defendants is subject to an express warranty and/or implied warranty of merchantability, under which any goods sold by Defendants must be fit for the ordinary purposes for which such goods are used.

31. Defendants expected that its aircraft engine would be utilized by individuals such as pilot Maria Isabel Rodriguez-Van Heurck in the same or similar manner in which Maria Isabel Rodriguez-Van Heurck was using it at the time of the crash.

32. The aircraft engine was defective by design and/or manufacture, as demonstrated by its sudden loss of flying capability mid-flight. This defect rendered the aircraft engine unreasonably dangerous and therefore unfit for the ordinary purpose for which it is designed.

33. As such, Defendants breached an express warranty and/or implied warranty of merchantability.

## COUNT IV: PRE-IMPACT TERROR (SURVIVAL CLAIM) CAUSED BY

## DEFENDANTS

34. Plaintiffs hereby incorporates all previous paragraphs as if fully set forth herein.

35. During the interval between the engine's total loss of power and the fatal crash, decedent Plaintiffs were aware the engine was experiencing a total loss of power mid-flight, while the helicopter was operating over the ocean.

36. During that same time frame, Decedent Plaintiffs were aware the helicopter crashing into the hillside was inevitable and the pilot was unable to control the helicopter's descent.

37. Decedent Plaintiffs endured terrifying emotional pain and suffering in the last moments they were alive.

38. This fright or terror was caused by the negligent acts or omissions of the Defendants.

39. Accordingly, on behalf of Decedent Plaintiffs' estates, Plaintiffs seeks damages for the pre-impact terror they endured in the last moments of their life.

## DAMAGES

40. Pursuant to Tex. Civ. Prac. & Rem. Code §71.004(a), Plaintiffs are wrongful death beneficiaries and seek damages which include, but are not limited to:

   a. Loss of a brother as to the Plaintiff;

   b. The full pecuniary value of the life of Neisha Zahn

   c. The full pecuniary value of the life of Daniel Yannone;

   d. The full pecuniary value of the life of Tyler Yannone;

   e. Lost support and services;

   f. Lost wages and earnings;

   g. Loss of enjoyment of life of the Decedents;

---

    h.   Funeral expenses;

    i.   Pre-judgment interest;

    j.   Post-judgment interest;

    k.   Statutory and discretionary costs;

    l.   All such further relief, both general and specific, to which Plaintiff Tony Yannone may be entitled.

41. Pursuant to Tex. Civ. Prac. & Rem. Code §71.021, the Estates are entitled to and seek damages for the following elements from the time of the incident until the time of death:

    a.   Physical pain and mental anguish including conscious fear of impending death; and,

    b.   Reasonable funeral expenses.

42. Pursuant to Texas R. Civ. P. 47, Plaintiff's damages include monetary relief over $1,000,000.

## INITIAL DISCLOSURE RESPONSES

43. Pursuant to TEX. R. CIV. P. 194, you are required to produce the disclosure responses listed therein within 30 days from the date you file your Answer.

## JURY TRIAL

44. Plaintiff demands a trial by jury and tendered the appropriate fee with the original petition.

## RULE 193.7 NOTICE

45.    Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives notice that any and all document produced by any party to this cause in response to a written discovery request are self-authenticating and may be used at any pretrial proceeding or at the trial of this matter.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs prays that the Defendants be cited to appear and answer the above cause and that upon a trial of the case, Plaintiffs have judgment,

jointly and severally against the Defendants, for the above referenced damages.

Respectfully submitted,

**MICHAEL ELY**
State Bar Number: 24091061
mike@evrfirm.com
**NICHOLAS REED**
State Bar No.: 24085546
nick@evrfirm.com

Ely, Valentine & Reed, PLLC
700 Market St., Ste. 202
Cedar Park, Texas 78613

Telephone: 512-562-7000
Facsimile: 512-562-8000
E-Service: service@evrfirm.com

**DOUGLAS P. DESJARDINS**
1717 N. St., NW
Washington, D.C. 20036
(202) 638-5300
Fax (202) 393-1725
dpd@pangialaw.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Ely
Bar No. 24091061
mike@evrfirm.com
Envelope ID: 72720808
Status as of 2/14/2023 8:50 AM CST

Associated Case Party: ANTHONY YANNONE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ely Valentine & Reed E-Service | | service@evrfirm.com | 2/13/2023 4:43:45 PM | SENT |