# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NICOLAS G. VAN HEURCK, Individually and as Administrator of the Estate of Maria Rodriguez <br><br> v. <br><br> ROLLS-ROYCE CORPORATION | § § § § § § § § | CIVIL ACTION NO. 3:23-CV-0345-S <br> CIVIL ACTION NO. 3:23-CV-0357-S |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Nicolas G. Van Heurck's Motion to Amend Original Petition ("Motion") [ECF No. 190]. The Court has reviewed the Motion, Plaintiff's Brief in Support of the Motion ("Plaintiff's Brief") [ECF No. 191], Defendant Rolls-Royce Corporation's Response to the Motion ("Response") [ECF No. 195], Plaintiff's Reply in Support of the Motion ("Reply") [ECF No. 197], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

This case arises out of a February 15, 2021, helicopter crash on the island of St. Thomas in the U.S. Virgin Islands. App. to Rolls-Royce Corporation's Resp. to Pl.'s Mot. to Am. Original Pet. ("Defendant's Appendix") [ECF No. 196] Ex. 1, at 2 ¶ 1, 7 ¶ 34. Plaintiff Nicolas G. Van Heurck is the surviving spouse of the pilot, Maria Rodriguez, who died from injuries sustained in the crash. *Id.* ¶ 4. In February 2023, Plaintiff sued Defendant Rolls-Royce Corporation and others in state court in both his personal capacity and his capacity as the administrator of Rodriguez's estate. *See generally id.* Defendant removed to this Court. *See* Def. Rolls-Royce Corporation's Notice of Removal [ECF No. 1]. The Court consolidated Plaintiff's case with one brought by Anthony Yannone, who represented the estates of three other decedents killed in the same helicopter crash. *See* Order, May 16, 2023, ECF No. 39.

In May 2023, the Court held a combined initial scheduling conference at which Plaintiff orally moved to amend his state court petition. Tr. of May 15, 2023 Hr'g, ECF No. 194, at 9:17-10:1. The Court granted that motion, *id.*, but Plaintiff did not file an amended complaint.

The Court entered a scheduling order that provided for discovery through January 24, 2025, and set the consolidated case for trial in June 2025. Scheduling Order, May 23, 2023, ECF No. 41, at ¶¶ 1, 3. In March 2025, the Court reset the trial for a three-week docket beginning in October 2025. Electronic Order, Mar. 18, 2025, ECF No. 143. In September, Yannone dismissed his claims against Defendant. Yannone Pls.' Stipulation of Dismissal with Prejudice as to Def. Rolls-Royce Corporation [ECF No. 159]. In October, the Court identified a potentially dispositive choice-of-law issue that the parties had not sufficiently briefed and ordered supplemental briefing. Order, Oct. 6, 2025, ECF No. 166. The Court again reset the trial to allow time to resolve the choice-of-law issue. Order, Oct. 18, 2025, ECF No. 186. Plaintiff now moves to amend his original pleading.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave" to amend the complaint "when justice so requires." But leave to amend is "by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The court may deny leave to amend only for "substantial reasons." *Clark v. Dep't of Pub. Safety & Corrs.*, 141 F.4th 653, 662 (5th Cir. 2025). Substantial reasons include: "(1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment." *Jack v. Evonik Corp.*, 79 F.4th 547, 564-65 (5th Cir. 2023); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). The existence of any one of those reasons is sufficient to deny leave. *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan*

2

*Cemeteries*, 56 F.4th 1026, 1034 (5th Cir. 2023).

## III. ANALYSIS

Plaintiff seeks to amend his pleading to add factual allegations to support his failure-to-warn or marketing-defect theory of liability. Pl.'s Br. 1. Defendant argues that Plaintiff did not sufficiently plead a claim based on a failure to warn or a marketing defect in his initial pleading and should not be permitted to add that claim at this late stage. Resp. 2-5. The Court considers the five factors and concludes that Plaintiff's undue delay, the undue prejudice to Defendant, and the futility of Plaintiff's proposed amendment support denial of the Motion.

### A. Undue Delay

"Although Rule 15(a) does not impose a time limit for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal." *D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Ins.*, 88 F.4th 602, 613 (5th Cir. 2023). A delay may be undue when a plaintiff is notified of pleading deficiencies but waits an unreasonable length of time to address them, *id.*; when a motion to amend is filed on the eve of trial and after discovery has closed, *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. Unit A Nov. 1981); or when a plaintiff waits until after the filing of a summary-judgment motion to attempt to assert new theories of liability, *Wimm*, 3 F.3d at 141. In short, a delay is undue when it "prejudice[s] the nonmoving party or impose[s] unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

Plaintiff explains his delay in moving to amend by asserting that the proposed changes to his pleading are based on new information that came to his attention during discovery. Pl.'s Br. 2-3. He identifies those discovery materials as an expert report produced in November 2024 and a letter produced in December 2024. Reply 3, 7 n.2.

3

This case has been ongoing for more than two-and-a-half years. Discovery closed in January 2025.[1] *See* Scheduling Order ¶ 3. Plaintiff does not explain why he only now seeks to add to his pleading facts that have been known to him for at least eleven months.

Plaintiff's delay in moving to amend will not be excused. Plaintiff was given an opportunity to amend his pleading, but he did not take it. *See* Tr. of May 15, 2023 Hr'g, ECF No. 194, at 9:17-10:1. The new facts developed in discovery have been known to Plaintiff for nearly a year. The case was originally set to go to trial six months ago, and the Court has already rescheduled the trial setting twice. Allowing Plaintiff to amend his pleading now would only result in further delay.

### *B. Bad Faith or Dilatory Motive*

The Court finds no suggestion of bad faith or dilatory motive on Plaintiff's part.

### *C. Previous Failures to Cure Deficiencies*

Plaintiff was previously granted leave to amend his pleading. Tr. of May 15, 2023 Hr'g, ECF No. 194, at 9:17-10:1. He did not file an amended complaint at that time, instead choosing to move forward on his original state court petition. His choice not to amend his pleading when given the early opportunity to do so may have been a strategic one, *see* Reply 6, but it is not enough to allow the Court to conclude that he "repeated[ly] fail[ed] to cure deficiencies by previous amendments" as required for this factor, *Jack*, 79 F.4th at 565 (noting that dismissal for repeated failures to cure was in error where the plaintiff was not advised of the deficiencies in his pleading before dismissal) (citation omitted).

---

[1] The Scheduling Order allows parties to extend discovery by written agreement. ECF No. 41 ¶ 3. Nothing in the record reflects an agreement to extend the discovery deadline, and Defendant has objected to Plaintiff's attempts to serve untimely discovery materials. Joint Pretrial Order, ECF No. 167 at 12; *see* Plf.'s Notice of Produc., ECF No. 160.

### *D. Undue Prejudice*

A proposed amendment unduly prejudices the defendant if it would "require the defendant 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court,'" *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999)) (alteration in original), or otherwise "fundamentally alter the nature of the case," *Mayeaux*, 376 F.3d at 427. But a proposed amendment is not unduly prejudicial if it "merely propos[es] alternative legal theories for recovery on the same underlying facts." *Id.*

Defendant argues that it will be unduly prejudiced because Plaintiff's proposed amendment "attempts to change the scope and characterization of Plaintiff's entire products liability cause of action." Resp. 3. Plaintiff argues that his original petition sufficiently alleged a failure-to-warn claim, so Defendant has been on notice of that claim from the beginning. Reply 1-2. Plaintiff further argues that Defendant will not be prejudiced because Plaintiff's new factual allegations are based only on discovery materials already in Defendant's possession. *Id.* at 3. The Court agrees with Defendant.

Plaintiff's original pleading mentions "failure to warn" just once, nestled in a list of claims between "product defect" and "breach of warranty," Def.'s App., Ex. 1, at 9 ¶ 59, and does not include any factual allegations elaborating on that claim. That single mention is the sort of "naked assertion[] devoid of further factual enhancement" that does not satisfy Federal Rule of Civil Procedure 8 and therefore does not put the defendant on notice of the claims against it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (quotation marks omitted). The Court has already noted that Plaintiff abandoned his failure-to-warn theory. Mem. Op. and Order, Oct 6, 2025, ECF No. 165, at 14 n.7. Defendant therefore had no reason to prepare a defense to Plaintiff's failure-to-warn claim before Plaintiff moved to amend

his pleading earlier this month. Defendant would be unduly prejudiced were the Court to allow Plaintiff to revive that claim long after discovery has closed and Defendant has spent years defending itself against a different claim.

### *E. Futility of Amendment*

"Amending pleadings would be futile 'if the complaint as amended would be subject to dismissal.'" *Clark*, 141 F.4th at 662 (quoting *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)). "Futility is evaluated 'under the same standards as a dismissal under Rule 12(b)(6).'" *Id.* (quoting *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 437 (5th Cir. 2021)).

Plaintiff argues that his proposed amendment would only "add factual allegations supporting [his] existing . . . failure to warn claim (also known as marketing defect claim)." Pl.'s Br. 1. But the proposed amendment would be futile because it does not allege facts to satisfy the required elements of a failure-to-warn or marketing-defect claim.

To state a claim for a marketing defect, a plaintiff must allege:

> (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product; (2) the supplier of the product knows or reasonably should foresee the risk of harm at the time the product is marketed; (3) the product has a marketing defect; (4) the lack of warnings or instructions renders the product unreasonably dangerous to the ultimate user or consumer; and (5) the failure to warn or instruct causes the user's injury.

*Painter v. Momentum Energy Corp.*, 271 S.W.3d 388, 410 (Tex. App.—El Paso 2008, pet. denied). A claim that a defendant failed to warn "of a product's potential dangers when warnings are required is a type of marketing defect." *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995). "Liability will attach if the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous." *Id.*

Plaintiff's proposed amended complaint alleges that Defendant changed its method of manufacturing compressor wheels from casting to machining in 2007, "which meant operators

6

could avoid the possibility of casting defects if they used the new compressor wheels." Pl. Nicholas Van Heurck's App. to his Mot. to Amend ("Plaintiff's Appendix") [ECF No. 192] Ex A, at 7 ¶ 36. The proposed amended complaint further alleges that Defendant knew of the danger of using cast compressor wheels and failed to warn users of it. *Id.* at 11 ¶ 67(i), 14 ¶89. But neither the original pleading nor the proposed amended complaint alleges that the cast compressor wheel was an "otherwise adequate product," *Caterpillar*, 911 S.W.3d at 382, that caused harm because Defendant did not sufficiently warn users. Both the original petition and the proposed amended complaint allege instead that the engine parts were "unsafe for use . . . in that they were susceptible to breaking in mid-flight, causing a total loss of power to the engine." Def.'s App., Ex. 1, at 13 ¶ 81; Pl.'s App., Ex A, at 14 ¶ 87. Alleging that a manufacturer failed to warn of a manufacturing defect is insufficient to support a failure-to-warn claim. *See, e.g., Tyre ex rel. Tyre v. Excel Indus., Inc.*, No. 4:19-CV-951-A, 2020 WL 6132223, at *1 (N.D. Tex. Apr. 8, 2020) (holding that the plaintiff had not pleaded a claim for a marketing defect because he "alleged only that defendants failed to warn of design defects, not that the failure to warn rendered an otherwise adequate product unreasonably dangerous"); *Barragan v. General Motors, LLC*, No. 4:14-CV-93-DAE, 2015 WL 5734842, at *6 (W.D. Tex. Sept. 30, 2015) (same). For that reason, Plaintiff's proposed amendments would be futile.

* * *

The Court finds that the first, fourth, and fifth factors are present here and leave to amend should therefore be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff Nicolas G. Van Heurck's Motion to Amend Original Petition [ECF No. 190].

**SO ORDERED.**

SIGNED November 19, 2025.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**