United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NICOLAS G. VAN HEURCK, Individually and as Administrator of the Estate of Maria Rodriguez | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0345-S<br>CIVIL ACTION NO. 3:23-CV-0357-S |
| ROLLS-ROYCE CORPORATION | § § | |

## MEMORANDUM OPINION AND ORDER

The Court ordered the parties to file supplemental briefing related to outstanding choice-of-law issues in this case. *See* Order [ECF No. 166]. The Court has reviewed Defendant Rolls-Royce Corporation's Supplemental Brief in Support of Its Motion for Summary Judgment ("Defendant's Supplemental Brief") [ECF No. 181], Plaintiff Nicolas G. Van Heurck's Supplemental Brief ("Plaintiff's Supplemental Brief") [ECF No. 182], Defendant's Response to Plaintiff's Supplemental Brief ("Defendant's Response") [ECF No. 184], and Plaintiff's Response to Defendant's Supplemental Brief ("Plaintiff's Response") [ECF No. 185], and the applicable law. For the following reasons, the Court **DISMISSES** this action.

### I. BACKGROUND

This case arises out of a February 15, 2021, helicopter crash on the island of St. Thomas in the U.S. Virgin Islands. App. in Supp. of Def. Rolls-Royce Corporation's Mot. for Summ. J. ("Defendant's Appendix") [ECF No. 74] Ex. E, at 74 ¶ 1, 79 ¶ 34.[1] Plaintiff Nicolas G. Van Heurck is the surviving spouse of the pilot, Maria Rodriguez, who died from injuries sustained in the crash. *Id.* at 75 ¶ 4, 79 ¶ 34. Plaintiff originally sued several defendants, alleging that they

---

[1] Plaintiff originally sued in state court, and the case was removed to this Court. Plaintiff has never filed a pleading in this Court, so the Court cites a copy of his original petition that is included with Defendant's briefing.

"designed, manufactured, distributed, and/or serviced the engine component parts." *Id.* at 85 ¶ 82. Plaintiff alleges that the helicopter engine's stage 2-3 compressor wheel ("Compressor Wheel") was defective. Br. in Supp. of Pl. Nicolas G. Van Heurck's Resp. in Opp'n to Mot. for Summ. J. ("Plaintiff's Brief") [ECF No. 113] 7. Defendant Rolls-Royce Corporation, now the only remaining defendant, manufactured and sold the Compressor Wheel in 2006 in Indiana. Def.'s App. 65 ¶ 5. The Compressor Wheel was allegedly installed in the helicopter engine in December 2008 or January 2009 as part of an "overhaul" of the engine. *Id.* at ¶ 31-32.

Plaintiff sued, asserting causes of action for wrongful death, negligence, strict product liability (manufacturing/design defect), breach of warranty, loss of consortium, and pre-impact terror. *Id.* at 81-88 ¶¶ 57-103. Defendant moved for summary judgment, arguing that, under conflict-of-laws principles, Indiana's statute of repose applies and bars all of Plaintiff's claims. Def. Rolls-Royce Corporation's Mot. for Summ. J. [ECF No. 72].

Upon its initial review of the summary judgment briefing, the Court noted that the parties did not address the application of Texas Civil Practice & Remedies Code Section 71.031(a). Mem. Op. and Order, Oct. 6, 2025, ECF No. 165 6-7. The Court "assume[d], without deciding, that Section 71.031(a) does not bar Plaintiff's claims" and denied the summary judgment motion but gave the parties an opportunity to submit supplemental briefing on the issue. *Id.* at 7. Having further reviewed that briefing and the applicable law, the Court now addresses the application of Section 71.031(a) to this case.

## II. ANALYSIS

### A. Waiver by Defendant

According to Plaintiff, Defendant waived the right to seek dismissal based on Section 71.031(a) because Defendant did not seek summary judgment on the issue. The Court disagrees for two reasons.

2

First, Defendant timely raised the choice-of-law issue, which preserved its ability to rely on Texas choice-of-law rules in arguing for dismissal of this case. Section 71.031 is a "codified choice of law provision." *Burdett v. Remington Arms Co.*, 854 F.3d 733, 736 (5th Cir. 2017). To preserve a choice-of-law issue, a party must only "call the applicability of another state's law to the court's attention in time to be properly considered." *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 74 (5th Cir. 1987) (citation omitted). Here, Defendant raised the choice-of-law issue at the summary judgment stage and argued that the Indiana statute of repose should apply. Defendant therefore has not waived the right to rely on Section 71.031, which forms part of Texas's choice-of-law framework.

Second, Section 71.031(a) is "a statutory requirement or prerequisite that . . . should be met before a trial court proceeds." *Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 120 (Tex. App.—Dallas 2020) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000)). And more broadly, "courts must apply local choice-of-law statutory provisions," such as Section 71.031, "unless doing so would be unconstitutional." *Brown v. Paccar Inc.*, No. 4:23-CV-705, 2024 WL 4860789, at *3 (E.D. Tex. Nov. 21, 2024) (citation omitted). The Court therefore must conduct the Section 71.031(a) analysis to complete its choice-of-law determination regardless of Defendant's failure to address it in the initial summary judgment briefing.

### *B. Section 71.031(a)*

The relevant part of Section 71.031(a) provides that

> [a]n action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:
>
> > (1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;

3

>(2) the action is begun in this state within the time provided by the laws of this state for beginning the action; [and]
>
>(3) for a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect, or default took place.

TEX. CIV. PRAC. & REM. CODE § 71.031(a).

Some parts of the statute are not in dispute. First, subsection (a) applies to actions for the death of or injury to "a citizen of this state, of the United States, or of a foreign country." *Id.* § 71.031(a). The parties do not dispute that Decedent Rodriguez was a U.S. citizen, *see* Pl.'s Resp. 2 n.1, so that first requirement is met. Nor do they dispute that Texas law recognizes Plaintiff's causes of action or that Plaintiff sued within the time allowed by Texas law, so subsections (a)(1) and (a)(2) are likewise satisfied.

At issue is the effect of three other parts of Section 71.031(a). First, the statute applies only to actions in which the relevant conduct "causing the death or injury takes place in a foreign state or country." TEX. CIV. PRAC. & REM. CODE § 71.031(a). The parties disagree whether the relevant conduct was the manufacturing of the allegedly defective compressor wheel or Defendant's failure to warn of the alleged defect. Second, subsection (a)(3) applies to "a resident of a foreign state or country." The parties dispute whether a resident of the U.S. Virgin Islands, a U.S. territory, is included in that category. And finally, if (a)(3) applies to a resident of a U.S. territory, then the location where the relevant conduct took place determines which jurisdiction's timeliness rules apply under (a)(3).

### *i. Location of the Relevant Conduct*

The location of the relevant conduct determines first whether Section 71.031(a) is triggered at all. Then, if (a)(3) applies, the court applies that location's timeliness rules. Plaintiff asserts that, if Section 71.031(a) applies, it must be analyzed in the context of each claim. Pl.'s Supp. Br. 8.

### a. Manufacturing Defect

In cases alleging manufacturing or design defects, courts applying Texas law generally consider the place of a defendant's wrongful act to be the place of manufacture or design. *Sloss v. Gen. Motors Corp.*, No. 3:00-CV-1036-M, 2001 WL 1081303, at *4 (N.D. Tex. Sept. 12, 2001); *accord Sulak v. Am. Eurocopter Corp.*, 901 F. Supp. 2d 834, 844 (N.D. Tex. 2012); *Burdett*, 854 F.3d at 736 (noting that the place of the wrongful act for a defectively manufactured rifle was the state of its manufacture); *Strasser v. Sulzer Medica U.S.A., Inc.*, No. 01-01-00610-CV, 2002 WL 1722186, at *6-7 (Tex. App.—Houston [1st Dist.] July 25, 2002, pet. denied) (considering evidence of the place of manufacture in applying Section 71.031 to a product liability case). The parties do not dispute that conclusion. Def.'s Supp. Br. 5-6; Pl.'s Supp. Br. 8 n.6. And the Court has already held that any manufacturing defect would have been introduced in Indiana. Mem. Op. and Order, Oct. 6, 2025, [ECF No. 165] 15. Therefore, the place of the "wrongful act"—the alleged manufacturing defect—is Indiana.

### b. Failure to Warn

Plaintiff argues that, with respect to his failure-to-warn claim, the place of the wrongful act is the U.S. Virgin Islands because that is where the warning would have been received. Pl.'s Supp. Br. 8; *see Sulak*, 901 F. Supp. 2d at 844 (holding that a failure-to-warn claim arises where the product is used).

But Plaintiff never sufficiently pleaded a failure-to-warn claim. Plaintiff's Original Petition, the operative pleading, mentions a failure to warn only once in passing within the context of his wrongful death claim. Def.'s App. 81 ¶ 59. The Court already ruled that Plaintiff's initial allegations did not state a failure-to-warn claim and rejected his last minute attempt to amend his pleadings to overcome that deficiency. *See* Mem. Op. and Order, Nov. 19, 2025, ECF No. 199.

Even if Plaintiff had adequately alleged a failure-to-warn claim, he abandoned it by failing to pursue it or defend it against Defendant's summary judgment motion. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue [her] claim beyond her complaint constituted abandonment."); *Vela v. City of Houston*, 276 F.3d. 659, 679 (5th Cir. 2001) (holding that "[t]he vague language [in defendant's original pleading] coupled with the complete absence of the issue in all subsequent documents" constituted abandonment). Defendant moved for summary judgment "on all [of Plaintiff's] claims." Br. in Supp. of Def. Rolls-Royce Corporation's Mot. for Summ. J. [ECF No. 73] 1. Plaintiff failed to defend his failure-to-warn claim in his response. *See* Pl.'s Br. Because Plaintiff has not adequately pleaded, pursued, or defended a failure-to-warn claim, the location of that alleged failure is irrelevant to the Section 71.031 analysis.

### ii. Application of Section 71.031(a)(3) to U.S. Virgin Islands Residents

Section 71.031(a)(3) applies in the case of "a resident of a foreign state or country." The parties disagree as to whether the relevant residence is that of Plaintiff or of the decedent on whose behalf Plaintiff sues. *See* Def.'s Resp. 2 n.1. However, because Decedent was a U.S. Virgin Islands resident at the time of her death and Plaintiff was and is a resident of the U.S. Virgin Islands, the resolution of that dispute makes no difference here.

The more consequential dispute is whether Section 71.031(a)(3)'s language limiting its application to residents of "a foreign state or country" encompasses residents of U.S. territories. The Court concludes that it does.

Plaintiff argues that the plain language of the statute precludes application to residents of U.S. territories and points out that the U.S. Virgin Islands is an "unincorporated territory of the United States of America." 48 U.S.C. § 1541(a); *see* Pl.'s Supp. Br. 4-6. Defendant argues that the

Legislature's intent requires application of Section 71.031 to residents of U.S. territories because subsection (a)(3) was adopted to "discourage forum shopping by nonresidents with claims arising out of state." *Owens Corning v. Carter*, 997 S.W.2d 560, 566 (Tex. 1999); *see* Def.'s Resp. 2-3. Neither party cites Texas's Code Construction Act, TEX. GOV'T CODE ch. 311, which controls here.

The Code Construction Act applies to Texas legislation enacted "by the 60th or a subsequent legislature," TEX. GOV'T CODE § 311.002(1), which includes the original Section 71.031, *see* TEX. CIV. PRAC. & REM. CODE, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3297, and the 1997 addition of current subsection (a)(3), *see* Act of May 29, 1997, 75th Leg., R.S., ch. 424, § 3, 1997 Tex. Gen. Laws 1680, 1683. In a section titled "General Definitions," the Act sets out definitions that "apply unless the statute or context in which the word or phrase is used requires a different definition." TEX. GOV'T CODE. § 311.005. That section provides that the word "'[s]tate,' when referring to a part of the United States, includes any state, district, commonwealth, territory, and insular possession of the United States and any area subject to the legislative authority of the United States of America." *Id.* § 311.005(7).

Neither side identifies any reason within the context of Section 71.031 that would demand a definition of "state" other than the one prescribed by the Code Construction Act. And the Court is aware of none.[2] A territory is therefore a state—at least for Section 71.031 purposes. And that means that Section 71.031(a)(3), which applies to "a resident of a foreign state or country," applies to a resident of the U.S. Virgin Islands.

---

[2] The Act's definition also aligns with that of the Restatement (Second) of Conflict of Laws § 3 (A.L.I. 1971), which provides that "the word 'state' denotes a territorial unit with a distinct general body of law." Texas has adopted Sections 6 and 145 of the Restatement, *see Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979), and would likely rely on Section 3 if the Code Construction Act did not provide the controlling definition.

7

*iii. Applicable Timeliness Rules under Section 71.031(a)(3)*

Because Section 71.031(a)(3) applies to Plaintiff, his case may be pursued in this Court only if it is "begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect, or default took place." As explained *supra*, the alleged wrongful act took place in Indiana, so Indiana's timeliness rules apply.

In Indiana, "any product liability action in which the theory of liability is negligence or strict liability . . . must be commenced . . . within ten (10) years after the delivery of the product to the initial user or consumer." IND. CODE § 34-20-3-1 (1998). And an action for breach of warranty "must be commenced within four (4) years after . . . tender of delivery is made." *Id.* § 26-1-2-725. According to Plaintiff's operative pleading, the allegedly defective components were installed in the helicopter between December 2008 and January 2009 during an "overhaul" of the engine. Def.'s App. 78 ¶¶ 31-33. Plaintiff sued Defendant on February 13, 2023, more than fourteen years later. *Id.* at 74. Plaintiff's negligence, strict liability, and breach of warranty claims are therefore barred by Indiana's timeliness rules. And because Plaintiff's claims are barred under "the laws of the foreign state . . . in which the wrongful act . . . took place," Plaintiff's claims are barred in Texas under Section 71.031(a).

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff Nicolas G. Van Heurck's claims against Defendant Rolls-Royce Corporation.

**SO ORDERED.**

SIGNED November 22, 2025.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**